IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS K. JENKINS | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-16-2703 |
| PRINCE GEORGE'S COUNTY POLICE | * | |
| DEPARTMENT District 4 Substation | | |
| DETECTIVE SEAN M. MISCHO-3564 | * | |
| CPL. DIANE MAY- 2562 | | |
| DETECTIVE TARA C. MATTINGLY-3448 | * | |
| DETECTIVE LIVERGOOD-2822 | | |
| DETECTIVE GROSS-3594 | * | |
| DETECTIVE CASTRO-3220 | | |
| SGT. HALL-3080 | * | |
| DETECTIVE DOYLE-2904 | | |
| DETECTIVER FLAX-3169 | * | |
| DETECTIVE MCKENNEY-3376 | | |
| QUEEN ANNE'S COUNTY DEPUTY | * | |
| SHERIFF STEVEN W. MATHEWS | | |
| DETECTIVE CHRISTOPHER BUNGARDER | * | |
| Defendants. | | |

*****

MEMORANDUM

This 42 U.S.C. § 1983 prisoner civil rights action was received in the United States District Court for the District of Columbia on May 31, 2016, and transferred in to this court on July 27, 2016. ECF No. 4. The transfer occurred because a substantial portion of the events in the complaint occurred in and defendants named reside in Maryland. Thomas Jenkins, who is now a pre-trial detainee housed at the Chesapeake Detention Facility, alleges that on March 9, 2015, he was falsely arrested and interrogated by authorities in a number of Maryland jurisdictions, chief among them officers and detectives of Prince George's County, Maryland. ECF No. 1. He further claims that an officer knowingly attempted to poison him and officers broke into and stole his private property,

falsified official documents, and manufactured a false warrant. *Id.* He seeks $7,000,000.00 in nominal, punitive, and monetary damages. Jenkins seeks leave to proceed in forma pauperis. ECF No. 2. As court-ordered prison account information was not received as requested, ECF Nos. 6-8, Jenkins' motion for leave to proceed in forma pauperis shall be granted.

On August 24, 2016, Jenkins filed a motion to redirect his civil action back to the District of Columbia. ECF No. 7. He claims that Baltimore, Maryland is not the proper forum for adjudication of this matter, as defendants primarily reside in Prince George's County, Maryland and the events occurred in Prince George's County, Maryland, the District of Columbia, and Montgomery County, Maryland. *Id.*

Jenkins' motion shall be denied. The District Court for the District of Columbia transferred this case to this court as "defendants are located in Maryland and a substantial portion of the events giving rise to plaintiff's claims occurred in Maryland." The complaint was received in this court and placed in the routine prisoner assignment wheel.

Turning to Jenkins' claims, the court finds it appropriate to summarily dismiss the action without prejudice. The Maryland Judiciary Case Search website confirms that Jenkins was charged in state court with numerous counts of burglary, malicious destruction, firearm and ammunition possession, and handgun counts with an offense date of March 9, 2015. *See State v. Jenkins*, Case No. CT150572K (Circuit Court for Prince George's County). In September of 2015, Jenkins was released on those charges only. On November 4, 2015, he was charged with a number of burglary counts in the Circuit Court for Queen's Anne's County arising from a criminal warrant issued in the District Court on March 14, 2015. *See State v. Jenkins*, 17K15009900 (Circuit Court for Queen

Anne's County). The counts were nolle prossed on February 9, 2016. *See* http://casesearch.courts.state.md.us/casesearch//inquiry-index.jsp.

It is clear that the state court charges which arose from Jenkins' March 2015 arrest have been dismissed or nolle prossed. On September 9, 2015, Jenkins was charged in this court with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g). *See United States v. Jenkins*, Criminal No. TDC-15-492 (D. Md.). Questions regarding what if any relationship exists between the state court charges and current federal charge are answered by review of the federal criminal case. Indeed, the allegations raised within this complaint are an element of Jenkins' motion for immediate dismissal of the federal indictment and are significantly alleged as the basis for his motion in limine filing in his criminal case. *Id.* at ECF Nos. 24 & 27.

Claims "fall[ing] within the 'core' of habeas corpus ... [are] not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Specifically, to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." *Thigpen v. McDonnell*, 273 Fed. Appx. 271, 272 (4th Cir. 2008) (per curiam) (unpublished). *Heck* applies to pretrial detainees. See *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir. 1999) (applying *Heck* to pretrial detainee's claim seeking damages for an

3

alleged illegal search and seizure in violation of the Fourth Amendment); *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000) ("*Heck* applies to pending criminal charges, and ... a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). *see also Adams v. Morris*, No. 03–5413, 90 Fed. Appx. 856 (6th Cir. Jan. 29, 2004) (applying *Heck* to a pretrial detainee's alleged violation of his Sixth Amendment right to counsel).

It is clear that Jenkins is contending that there were infirmities associated with law enforcement warrants and other unidentified documents. To the extent that his claims for damages interplay with his pending federal criminal charge, he must challenge the legitimacy of the charge against him as part of his federal criminal action. *See, e.g., Ballenger v. Owens*, 352 F.3d 842, 845–46 (4th Cir. 2003); *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). *Heck* bars him from raising his claims at this time. A separate Order reflecting the rulings in this Opinion shall follow.

Date: September 30, 2016

J. Frederick Motz
United States District Judge

DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2016 SEP 30 AM 11:49
4
U.S. DISTRICT COURT
DISTRICT OF
FILED